UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GARY M. CHATTEM,

    Plaintiff,

v.

BAC HOME LOAN SERVICING LP,
F/K/A COUNTRYWIDE HOME LOANS
SERVICING, LP, *et al*.,

    Defendants.

Case No. 2: 11-cv-1727-KJD-RJJ

**ORDER**

    Before the Court is a Motion to Dismiss (#4) and a Motion to Remand (#12) filed by Defendants Bank of America, N.A., ("BANA"), successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, for the benefit of DBALT Trust 2006-AR6 Trust ("Defendants"). Plaintiff Gary M. Chattem ("Plaintiff") filed an opposition (#9) and Defendants filed a reply (#13).

**I. Background**

    Plaintiff purchased real property at 6543 Peachtree Lane, Las Vegas, NV 89103 ("Property") for $315,000 on October 16, 2006. This purchase was financed with a $252,000 loan secured by a Deed of Trust and a $63,000 Second Deed of Trust.

Plaintiff defaulted and the Deed of Trust was assigned to HSBC as Trustee on August 21, 2009. Recontrust substituted as trustee on August 27, 2009. The first notice of trustee's sale was recorded on May 10, 2010 and the second notice of trustee's sale was recorded on February 18, 2011. The final notice of trustee's sale was recorded on May 23, 2011. A second assignment of the Deed of Trust was made to BAC Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing, LP on June 10, 2011. The Property was sold and the Trustee's Deed Upon Sale was recorded on June 21, 2011. Plaintiff commenced the present action on September 30, 2011.

Plaintiff's Complaint alleges the assignment and substitution of the Deed of Trust are invalid. Plaintiff's Complaint asserts six causes of action: false documents, deceptive trade practices, wrongful foreclosure, injunctive relief, declaratory relief and negligent infliction of emotional distress.

Plaintiff is proceeding *pro se*. Courts must liberally construe the pleading of *pro se* parties. *See United States v. Eatinger*, 902 F. 2d 1383, 1385 (9th Cir. 1990). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F. 2d 1362, 1364 (9th Cir. 1986).

**II. Discussion**

    **A. Motion to Remand**

Pursuant to 28 U.S.C. § 1332, Federal District Courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Plaintiff's motion provides extensive argument that this Court lacks original jurisdiction based on federal question, however, this Court sits in diversity. In the present action the amount of the loan equaled $315,000, and Plaintiff is a citizen of Nevada and Defendant BANA is a citizen of North Carolina. Accordingly, the amount in controversy requirement is met and complete diversity of citizenship exists. Original jurisdiction in this Court is proper.

**B. Motion to Dismiss Standard**

In a Motion to Dismiss under Fed R. Civ. P. 12(b)(6) the Court must consider all allegations of fact in the Complaint in the light most favorable to the nonmoving party. *Gilligan v. Jamco Dev. Corp.*, 108 F. 3d 246 (9th Cir. 1997).

In order for a complaint to survive a motion to dismiss under Rule 12(b)(6), "... a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The court must apply a two-pronged test to addressing dismissal, pursuant to *Iqbal* and *Twombly*. First, the court must accept as true all allegations contained in a complaint, but preclude bare recitals of the elements of a cause of action supported by conclusory statements. Second, a complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Facts merely consistent with a defendant's liability stop short of a plausible entitlement to relief. *Id*. 556 U.S. at 678. The well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. *Id*.

**C. False Documents**

Plaintiff's Complaint asserts, "Defendant relied on willingly and knowingly false documents; and caused such false documents to be filed in the Clark County Recorders." This claim sounds in fraud. To recover for fraud in Nevada, a plaintiff must show by clear and convincing evidence: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that the representation is false; (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Bulbman v. Bell*, 825 P.2d 588, 592 (Nev. 1992).

Claims of fraud are subject to the heightened pleading standard of Rule 9(b). Rule 9(b) requires a party to state "with particularity the circumstances constituting fraud or mistake." The

1  purpose of the heightened standard is to provide adequate notice of a defendant's precise misconduct
2  and protect a defendant's reputation. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th
3  Cir.2009). Specifically, "the pleader must state the time, place, and specific content of the false
4  representations." *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir.2007)( quoting *Schreiber
5  Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir.1986)).
6          Plaintiff's fraud-based claims fail to comply with Fed. R. Civ. P. 9(b) and lack factual
7  allegations that go beyond the speculative level. The Complaint does not specify when the
8  documents were allegedly backdated or who forged the documents. The bare allegations of the
9  complaint do not provide sufficient notice for Defendant to identify the precise misconduct.
10  Accordingly, the fraud-based claims fail.
11          **D. Deceptive Trade Practices**
12          The Nevada Deceptive Trade Practices Act (NRS §§ 598.0915 and 598 .023) ("NDTPA")
13  lists twenty-one separate activities that may constitute a deceptive trade practice.  A claim under the
14  NDTPA  "sounds in fraud and thus still must meet the particularity requirement of Rule 9(b)."
15  *Weinstein v. Mortgage Capital Associates, Inc.*, 2011 WL 90085, 11 (D.Nev.2011).
16          Plaintiff fails to assert any factual allegations supporting its claim that Defendants violated
17  NDTPA. Plaintiff's Complaint merely states the Defendants made false representations but does not
18  assert any facts related to the alleged misrepresentation or which specific provision of NDTPA
19  Defendant violated. Accordingly, Plaintiff's claim for deceptive trade practices fails.
20          **E. Wrongful Foreclosure**
21          Nevada recognizes the tort claim of wrongful foreclosure where homeowners allege that a
22  lender wrongfully exercised the power of sale and foreclosed upon their property when they were not
23  in default on the mortgage loan. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P. 2d 610, 623
24  (Nev. 1983).
25
26

4

1 Plaintiff does not allege that he was current on his mortgage and has failed to demonstrate he
2 did not breach a condition or fail to perform his duties of the loan. Accordingly, Plaintiff's wrongful
3 foreclosure claim fails.

### F.  Negligent Infliction of Emotional Distress

Defendants have moved for dismissal of the negligent infliction of emotional distress claim because Plaintiff has failed to assert factual allegations demonstrating the elements of negligent infliction of emotional distress. Specifically, Plaintiff has failed to allege physical harm. Plaintiff has not responded to Defendants' argument. LR 7-2 provides that, "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." *See* LR 7-2(d). Accordingly, Plaintiff's claim for negligent infliction of emotional distress fails.

### G. Injunctive Relief, Declaratory Relief

Injunctive and declaratory relief are not separate causes of action or independent grounds for relief. *See in re Wal-Mart Wage & Hour Employ. Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D.Nev. 2007). Plaintiff has failed to state any claim for which injunctive or declaratory relief could be granted or pled facts showing that she is entitled to such relief. Accordingly, the request for injunctive or declaratory relief is denied.

### H. Leave to Amend

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Courts should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment ..." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

1   The Court has doubts that the defects in Plaintiff's Complaint can be cured by amendment.
2 However, considering the generous standards afforded to *pro se* litigants, the Court will not preclude
3 further amendment of the Complaint. If Plaintiff decides to file an second amended Complaint, he
4 must comply in every respect with the Federal Rules of Civil Procedure. Any amended Complaint
5 should be filed on or before June, 18, 2012. Failure to file in accordance with this Order will result in
6 dismissal without leave to amend.

**III. Conclusion**

**IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss (#4) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Remand (#12) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff may file an amended complaint that complies in every respect with the Federal Rules of Civil Procedure by June 18, 2012. Failure to do so will result in dismissal of the action without further leave to amend.

DATED:   June 5, 2012

_____
Kent J. Dawson
United States District Judge