# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GARY M. CHATTEM,

    Plaintiff,

v.

BAC HOME LOAN SERVICING LP, *et al.*,

    Defendants.

Case No. 2:11-CV-01727-KJD-RJJ

**ORDER**

Before the Court is Defendants' Motion to Dismiss (#25). Plaintiff has filed an opposition (#28) and Defendants have filed a reply (#32).

I. Background

On October 16, 2006, Plaintiff purchased a home at 6543 Peachtree Lane, Las Vegas, Nevada (the "Property") for $315,000. Plaintiff financed the entire purchase with loans secured by a first and second deed of trust. On April 1, 2009, Plaintiff defaulted and a notice of default was recorded on August 21, 2009. The beneficial interest in the foreclosing deed of trust was assigned to HSBC on August 21, 2009.[1] On August 27, 2009, ReconTrust was substituted as trustee and a notice of trustee's sale was recorded on May 10, 2010, along with a certificate of compliance with the

---

[1] The fact section of Defendants' Motion contains several errors. Defendant states that the property was purchased in 2009 instead of 2006 and that HSBC was acting as trustee, rather than beneficiary.

foreclosure mediation program. On February 18, 2011, a second notice of trustee's sale was recorded, followed by another notice of trustee's sale on May 23, 2011. On June 10, 2011, HSBC assigned the beneficial interest in the deed of trust to Defendants and on June 13, 2011, the Property was sold at a trustee's sale. Plaintiff filed this action on September 30, 2011. The Court dismissed this action on June 6, 2012 and gave Plaintiff leave to amend his complaint. Plaintiff filed an amended complaint on June 18, 2012.

II. Discussion

    A. Legal Standard

    A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

    In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint

does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570.

Plaintiff is representing himself *pro se*. Courts must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

B. Violation of NRS 107.080, *et seq.*

The procedures for conducting a trustee's foreclosure sale are set forth in NRS § 107.080. Under NRS § 107.080(5), a "sale made pursuant to this section may be declared void by any court of competent jurisdiction in the county where the sale took place" if:

> (a) The trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of NRS 107.086 and 107.087;
> (b) Except as otherwise provided in subsection 6, an action is commenced in the county where the sale took place within 90 days after the date of the sale; and
> (c) A notice of lis pendens providing notice of the pendency of the action is recorded in the office of the county recorder of the county where the sale took place within 30 days after commencement of the action.

NRS § 107.080(5)(a)-(c). A court cannot void a sale when a plaintiff has failed to comply with the provisions of NRS § 107.080(5). See Ahmed v. Deutsche Bank, N.A., 2011 WL 3425460, *6 (D. Nev. 2011) (granting summary judgment on a statutorily defective foreclosure claim because the plaintiff did not file a notice of lis pendens within the statutory time period and did not produce evidence raising a question of material fact as to whether he actually filed a notice of lis pendens).

Defendants argue that Plaintiff failed to commence this action within 90 days of the sale. The sale took place on June 13, 2011 and this action was commenced on September 30, 2011. According to Defendants, the Court cannot now void the foreclosure sale. Plaintiff has not offered any response to Defendants' argument. Local Rule 7-2 provides that failure to provide points and authorities in

opposition to a motion constitutes consent by the non-moving party to granting that motion. The Court has reviewed Defendants' argument and finds that it has merit. Accordingly, the NRS 107.080 claim is dismissed as untimely.

### C. Broken Chain of Title

"In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 112 Nev. 663 (Nev. 1996). A plaintiff cannot quiet title without discharging debt owed on the Property  See Fuleihan v. Wells Fargo, 2010 WL 3724186 at *5 (D. Nev. 2010) (a borrower cannot quiet title to a property without discharging any debt owed). Further, an action for quiet title should be dismissed where plaintiff's claim "is not based on a cognizable legal theory." Elias v. HomeEQ Servicing, 2009 WL 481270, at *2 (D. Nev. 2009).

Plaintiff's claims that  MERS is not a valid beneficiary has been repeatedly and expressly rejected by the courts of this district. Similarly, Plaintiff's lacks any cognizable support for his argument seeking retroactive application of the affidavit requirement of the current version of NRS § 107.080(2). Finally, the allegation that ReconTrust, a national bank, was required to register as a foreign entity with Nevada's secretary of state prior to recording the Notice of Default, lacks merit. Plaintiff has not provided valid points and authorities to oppose Defendants' arguments in support of dismissal and has offered nothing to show that he discharged the debt owed on the property or that good title rests with him. Accordingly, this claim fails.

### D. Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress, a plaintiff must show: (1) extreme or outrageous conduct by defendant; and (2) plaintiff suffered severe emotional distress, and (3) causation. Dillard Dept. Stores, Inc. v. Beckwith, 989 P.2d 882, 886 (Nev. 1999). Extreme and outrageous conduct is that which is "outside all possible bounds of decency" and is intolerable in civil life. Maduike v. Agency Rent–A–Car, 953 P.2d 24, 25 (Nev.1998).  Nevada courts require a plaintiff to demonstrate a physical manifestation of extreme distress in order to assert this claim in a real estate and lending transaction. Betsinger v. D.R. Horton, Inc., 232 P.3d 433 (Nev. 2010).

Defendants argue that there is nothing in the complaint showing extreme or outrageous conduct on their part.  Plaintiff's allegations of emotional distress are insufficient to support this claim and Plaintiff offers nothing to oppose Defendants' motion to dismiss.  Accordingly, this cause of action is dismissed.

### E.  Injunctive Relief

Injunctive relief is not a separate cause of action or an independent ground for relief. See In re Wal–Mart Wage & Hour Employ. Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007) (dismissing the count for injunctive relief because it was not an independent ground for relief or a separate cause of action).  Since the Court has dismissed each of Plaintiff's underlying claims, he is not entitled to injunctive relief.

### F.  Dismissal With Prejudice

Leave to amend is denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. See DeSoto v. Yellow FreightSys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).  Plaintiff has failed to cure the defects in his complaint after being given the opportunity to do so.  Accordingly, dismissal is granted with prejudice.  Plaintiff may not amend his complaint or seek reconsideration of this order.

## III.  Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#25) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the *lis pendens* should be **CANCELLED**.

DATED this 9th day of October 2012.

_____
Kent J. Dawson
United States District Judge